UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MECHELLE BOOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:19-cv-04421- |
| ) | |
| KOHL'S DEPARTMENT STORES, INC ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mechelle Booth, hereinafter Booth, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Kohl's Department Stores, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. Booth, is a female citizen of the United States, and is a qualified employee with a disability as defined in 42 U.S.C. 12102 (ADA).

5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

6. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

1. On or about April 1, 2019, Booth filed charges of Disability Discrimination, and Retaliation for seeking benefits under Indiana's worker's compensation statute against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2019-02086.

2. On or about July 31, 2019 the EEOC mailed a Notice of Right to Sue for Charge Number 470-2019-02086, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

4. The Defendant hired Booth on or about August 21, 2017.

5. Throughout her employment with Defendant, Booth met or exceeded Defendant's legitimate expectations of performance.

6. On March 16, 2018, Booth was injured during the course of her employment when a foreign object got into her eye.

7. On May 25, 2018, Booth injured her left hand.

8. Booth was placed on restrictions when she injured her eye.

9. When Booth injured her left hand she was placed off work for a period of time.

10. The Defendant would not accommodate Booth's restrictions and counted points against her attendance when the workers compensation doctor took her off work.

11. When Booth had an appointment with Defendant's on-site workers compensation doctor she was made to clock out.

12. On July 28, 2018, Booth met with her supervisor, Janelle, to discuss why she has accumulated 12.5 attendance points when her absences were related to her workplace injury.

13. When Janelle looked at Booth's attendance records, it indicated that Booth was scheduled to be terminated on July 29, 2018.

14. When Booth asked if this were true, Janelle said "no" and stated she would email HR to find out what was going on. Janelle instructed Booth to go back to work.

15. On July 29, 2018 Booth went to work as usual, Janelle pulled her aside and told her she was terminated so she may as well clock out.

16. After being told that she was terminated on July 29, 2018 Booth did not return to work. She was then told by Megan Cragen that her actual termination date was August 4, 2018.

17. Booth subsequently received a letter stating she was terminated on August 10, 2018.

18. Defendant failed to accommodate Booth's disability.

19. It is a reasonable accommodation to make adjustments to the attendance policy.

20. It is a reasonable accommodation to give time off.

21. Defendant retaliated against Booth for seeking workers compensation benefits.

22. Defendant discriminated against Booth due to her disability.

23. The Defendant terminated Booth due to her disability and in retaliation for seeking worker's compensation.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Booth, for her first claim for relief against Defendant, states as follows:

24. Booth hereby incorporates by reference paragraphs 1 through 23 as though previously set out herein.

25. At all times relevant to this action, Booth was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

26. The conduct as described hereinabove constitutes discrimination on the basis of Booth's disability.

27. The Defendant failed to engage in the interactive process with Booth concerning her disability as required by the ADA.

28. The Defendant failed to accommodate Booth's disability.

29. The Defendant failed to accommodate Booth's restrictions.

30. The Defendant intentionally and willfully discriminated against Booth because she is disabled and/or because Booth has a record of being disabled and/or because the Defendant regarded Booth as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Booth's rights as protected by the ADA.

32. Booth has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

### RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

33. Booth hereby incorporates by reference paragraphs 1 through 32 as though previously set out herein.

7. Booth sustained work related injuries during her employment with Defendant.

8. The conduct as described hereinabove constitutes retaliation on the basis of Booth lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

9. Defendant intentionally and willfully refused to accommodate Booth's disability caused by her work injury and terminated her employment in retaliation for seeking her lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

10. Defendant's actions were intentional, willful and in reckless disregard of Booth's rights under Indiana Law.

11. Booth has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Booth, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Booth her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Booth all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Booth all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

Booth, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

*/s/ Cherry Malichi*
Cherry Malichi 15406-49
Darron Stewart
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
cherrym@getstewart.com
darron@getstewart.com
Attorneys for Plaintiff